# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

MARCUS SANDERS,

    *Defendant.*

Case No. 12-10202-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Marcus Sanders's Motion to Suppress Evidence Obtained as a Result of the Execution of the Search Warrant for the Residence at 2120 S. Flynn (Doc. 16). For the reasons stated below, the Court denies Defendant's motion.

### I. Factual and Procedural Background

This matter concerns a search warrant for a residence located at 2120 S. Flynn, Wichita, Kansas. Wichita Police Detective Robert Thatcher submitted an application for this search warrant, referring to three bases for probable cause that narcotics were present in the residence. First, Detective Thatcher stated that on or about February 18, 2012, he had some undefined prior contact with Defendant in connection with a warrant for the sale of crack cocaine. Second, Detective Thatcher reported that a trash pull took place at the residence on July 11, 2012, from which the Police recovered three baggies with missing corners and a white substance that tested

positive for cocaine. Third, Detective Thatcher reported a second trash pull took place at the residence on August 1, 2012, from which the Police recovered mail, paperwork with names and dollar amounts, twenty knotted plastic baggies, and thirty baggies with missing corners, some of which had a white residue that tested positive for cocaine.

On August 2, 2012, Sedgwick County District Judge Warren Wilbert issued a search warrant for the residence at 2120 S. Flynn, Wichita, Kansas. Later that evening, officers executed the warrant and recovered crack cocaine, drug paraphernalia, money, a firearm, documents, photographs, and jewelry. Defendant argues that the evidence must be suppressed because it lacks a sufficient nexus between the residence and the suspected drug activity. Defendant also asserts that the warrant was issued on the basis of stale evidence, including Detective Thatcher's prior contact from February18, 2012, and the first trash pull on July 11, 2012. The United States argues that the second trash pull on August 1, 2012, refreshed any stale evidence. Finally, the United States argues that even if the warrant was invalid, the good faith exception articulated in *United States v. Leon*[1] should save the evidence from suppression.

## II. Analysis

As a preliminary matter, the Court finds that Detective Thatcher's reference to undefined "prior contact" with Defendant in February 2012 is too vague to warrant consideration. Additionally, the warrant at issue does not directly concern Defendant, but rather, seeks authority to search a residence. Accordingly, the Court will review this matter on the basis of the two trash pulls.

Defendant first argues that evidence obtained from the first trash pull is stale. Information's staleness depends upon "the nature of the criminal activity, the length of the

---

[1] 13 F.3d 1391 (10th Cir. 1993).

activity, and the nature of the property to be seized."[2]  Here, the first trash pull occurred on July 11, 2012, merely twenty-two days before the warrant was issued and executed.  The Court finds that this lapse in time is insufficient to render evidence from the first trash pull stale.

Defendant next asserts that an insufficient nexus existed between the residence and the two distinct trash pulls that recovered evidence of drug activity.  The Court disagrees.  Both trash pulls occurred in the curtilage of the residence only twenty-two days apart, and both revealed similar evidence of baggies and cocaine.  The second trash pull included evidence of mail addressed to the residence, further strengthening the connection between the trash and the residence.  The drug ledger recovered from the second trash pull suggested more than transitory or merely possessory use of cocaine.  The Court finds that the proximity of time between the trash pulls, the recovery of a drug ledger, and the actual evidence of cocaine and related drug paraphernalia, are collectively sufficient to indicate drug activity in the residence, and that the warrant was therefore lawfully issued and executed.

Because the Court concludes that evidence recovered from the two trash pulls is not stale and creates a sufficient nexus with drug activity in the residence, the Court does not reach the United States' argument concerning the good faith exception articulated in *Leon*.

**IT IS ACCORDINGLY ORDERED** this 22nd day of May, 2013 that Defendant's Motions to Suppress (Doc. 16) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[2] *United States v. Shomo*, 786 F.2d 981, 983 (10th Cir. 1986).